### JANES et ux. v. O'FIEL et al.
#### (No. 763–4362.)

(Commission of Appeals of Texas, Section A.
Feb. 10. 1926.)

**1. Deeds ⬅25 — Deed held not a quitclaim deed.**

Deed purporting to "bargain, sell, release, and forever quitclaim unto" grantee, purported to convey the property itself, as distinguished from the mere chance of title, or such title as the grantors had, and therefore was not a quitclaim deed.

**2. Vendor and purchaser ⬅235—Deed in compromise transaction held based on valid consideration.**

Grantee taking deed in compromise transaction, without knowledge of prior conveyance of part of premises to others not recording their deed, *held* to have acquired title as against them; such deed being based on valuable consideration.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Zeke Janes and wife against David E. O'Fiel and others, in which E. E. Easterling and another intervened. Judgment for plaintiffs and interveners was,' by Court of Civil Appeals, reversed and rendered (269 S. W. 1074), and plaintiffs and interveners bring error. Affirmed.

C. A. Lord, E. M. Chester, and E. E. Easterling, all of Beaumont, for plaintiffs in error.

David E. O'Fiel and Howth, Adams & Hart, all of Beaumont, for defendants in error.

HARVEY, P. J. In this case the Court of Civil Appeals held that the transaction between Janes and his wife on the one hand and O'Fiel on the other, wherein said parties executed to each other deeds covering different parts of the 40-acre tract of land in question, was a valid and binding compromise and settlement of the differences and disputes then existing between the parties. [1] We approve the holding in the majority opinion of the Court of Civil Appeals in this respect. 269 S. W. 1082 et seq. What is said in that opinion concerning the effect of said transaction is so clearly correct that to discuss the matter would be but a repetition of what is said there. We are of opinion that the deed executed to O'Fiel by Janes and wife in said compromise transaction had effect to vest in O'Fiel the title to the land described therein. Therefore it is unnecessary for us to consider or determine whether or not the said 40-acre tract was, on said date. the homestead of Janes and wife.

The said deed, executed by Janes and wife to O'Fiel, purports to—

"* * * bargain, sell, release, and forever quitclaim unto said David O'Fiel, his heirs and assigns, all that certain tract or parcel land ly-

ing in the county of Jefferson, state of Texas, to wit: [Describing the property by block number with reference to the map of Silver City as it appears of record]—to have and to hold the said premises, together with all and singular the rights, privileges,' and appurtenances thereto in any manner belonging unto the said David O'Fiel, his heirs and assigns forever, so that we, the said Zeke Janes and Alzina Janes, nor our heirs, nor any person or persons claiming under us shall at any time hereafter, have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof."

The above deed purports to convey the property itself, as distinguished from the mere chance of title or such title as the grantors had, and therefore is not a quitclaim deed, as contended by plaintiffs in error. Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940.

[2] Said deed, being based upon a valuable consideration, passing from O'Fiel in the compromise transaction in which such deed was executed, operates also to vest the title to said property in O'Fiel,' as against the defendants in error Easterling and Whittaker, who held deed from Janes and wife to a part of said property, but which deed had not been recorded, and of which O'Fiel had no notice.

We therefore recommend that the judgment of the Court of Civil Appeals herein be affirmed.

CURETON C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.