## FRENKIL v. SILVER et al.

### No. 11806.

Court of Civil Appeals of Texas. Galveston.

Oct. 10, 1946.

Rehearing Denied Oct. 31, 1946.

Wm. F. Jackson, of Hempstead, and Al L. Crystal, of Houston, for appellant.

Sam W. Levy, of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the Ninth District Court of Waller County granting the motion of the appellees, defendants below, for a directed verdict in their favor against the appellant, plaintiff below, presented at the close of the evidence in his behalf, in his suit against the appellees to set aside a sale he had made of his mercantile business at Hempstead, Texas, to them, on the alleged ground that it had been procured by fraud perpetrated by them against him.

Appellant alleged that the sale had been effected and exclusively evidenced by an oral agreement between the parties of April 25, 1944, which had been wholly executed or carried out between them prior to the written transactions, and that the general gist of such oral agreement was that appellant had, on its date, April 25, 1944, sold and delivered his mercantile business to the appellees for the total consideration of $9,200, which had been about that date paid, upon this condition subsequent, to use his own language: "With the understanding that, when he would return from the Army he would have the right to have said business re-transferred and re-assigned to him, upon payment by him to appellees of $1,000 for the fixtures and 90¢ on the Dollar for the stock of goods." The quoted terms of the declared-upon agreement for reconveyance were, in substance, just another way of saying that it was to be on the same terms as the original conveyance to appellees, he further alleging that he had made such a demand upon them prior to the filing of this suit, and that they had refused to reconvey the business to him.

Both sides, however, have conceded upon appeal that the sale-transaction between them was attended by and involved the following written instruments:

"(a) Written contract to buy and sell between appellant and appellees, dated April 25, 1944.

"(b) Bill-of-sale from appellant and wife to appellees, dated April 29, 1944, duly acknowledged before Alonzo A. Urban on that date.

"(c) Affidavit of appellant and wife, duly sworn to on April 29, 1944, before Alonzo A. Urban, Notary Public.

"(d) Settlement agreement, dated March 16, 1945, duly executed by appellant and appellees."

The appellees' motion for the directed verdict, which the trial court so granted, was in substance this:

"1. There has been introduced in evidence a settlement contract, which settlement contract is on its face unambiguous, and there being no pleadings or proof which would authorize the Court, as a

matter of law, to set aside said settlement contract, or to reform, or to amend the same, plaintiff is not entitled to recover, in that said settlement contract expressly releases the defendants from all claims and causes of action asserted by plaintiff in this lawsuit.

"2. The settlement contract is binding, and is a complete bar to plaintiff's cause of action, because there is no proof of fraud, or misrepresentation, upon the part of defendants.

"3. The settlement contract is binding, because, if there is any proof of mistake upon the part of plaintiff, there is no proof that it was a mutual mistake, or one induced or brought about by any act or acts of the defendants.

"4. The settlement contract is a bar, because there are no pleadings to set aside or reform said settlement contract on any ground.

"5. The facts being undisputed that plaintiff has, since March 30, 1945, operated under his own name in the City of Hempstead, and since the plaintiff does not in his pleading, or in his testimony, offer to desist from using his own name, plaintiff is now estopped to deny the validity of the settlement contract.

"6. That the plaintiff has not proved any fraud on the part of the defendants in this lawsuit.

"7. And on the further ground that plaintiff has not made any proof in this lawsuit, which would entitle him to a judgment in any respect."

This court concludes that, since the actual execution and delivery of the enumerated instruments, as well as the payment of the full agreed consideration by the appellees, is uncontroverted in this record, the controlling issue here is whether the settlement contract was validly entered into between the parties as constituting part and parcel of their contractual relations with reference to the sale of the business by the appellant and of its purchase by the appellees.

If it was, then the inquiry may go no further, since that instrument plainly, unambiguously, and bindingly upon both sides, in substance provided:

"(a) Appellant was released from his obligation not to go back into business in the City of Hempstead, and appellees released appellant from the written obligation as contained in the contract of April 25, 1944.

"(b) Appellant then confirmed the title of appellees to the business purchased by appellees from appellant, and appellant released appellees from his claim to re-purchase such business."

■ Undoubtedly, these recited mutual releases constituted a sufficient consideration for such a settlement contract: 9 Tex. Jur., page 340, and notes 8, 9, 10 and 11; Camoron v. Thurmond, 56 Tex. 22, at page 34; Pegues v. Haden, 76 Tex. 94, 13 S.W. 171; O'Fiel v. Janes, Tex.Civ.App., 269 S.W. 1074, at page 1082, and Janes v. O'Fiel, Tex.Com.App., 280 S.W. 163; Simms Oil Co. v. American Refining Co., Tex.Com.App., 288 S.W. 163.

Indeed, all of appellant's attacks upon the release are thought to be inept, because they seem to be predicated, at base, upon his first contention that these subsequent written instruments had nothing to do with his sale of his business to the appellees, because it had been effected wholly by the alleged prior oral contract between them of April 25, 1944, which had been entirely executed or carried out before any of the writings were entered into; further, that since he had shown such original verbal contract to have been procured from him by actionable fraud upon the part of the appellees, the verbal contract was void ab origine, hence the subsequent settlement contract in writing being exclusively based upon it, was likewise void.

■ What seems to this court to be a complete answer to this overall position upon appellant's part is, as the trial court found, presumably at least, upon the facts, that all the quoted recitations in the motion of the appellees for the instructed verdict had been established; in other words, when the writings were indisputably shown to constitute part and parcel of the whole transaction involving the sale by the one and the purchase of the business by the others, the general averments of actionable fraud against appellant were swallowed up

in the contractual relations so determined to have been entered into in writing between him and the appellees, whereby he had agreed—not that he should have an unconditional right to buy back his business upon his return from the war and his repaying them what appellees had paid him for it, but only that, if and when he so came back and the appellees decided to sell the business, which they never did, he should be given the prior right to re-purchase it at whatever they could obtain from others for it. `

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require that the judgment of the trial court should be affirmed; it is so ordered.

Affirmed.