**Charles H. FAULHABER, Appellant,**

**v.**

**DIAL TEMP AIR CONDITIONING COMPANY et al., Appellees.**

**No. 11031.**

Court of Civil Appeals of Texas.

Austin.

Nov. 7, 1962.

Rehearing Denied Nov. 28, 1962.

Wilbur T. Knape, Dallas, for appellant.

Tobolowsky, Hartt, Schlinger & Blalock, Dallas, for appellee.

ARCHER, Chief Justice.

This is an appeal from a summary judgment in favor of appellees as defendant below, and that appellant, plaintiff in the Trial Court take nothing.

This suit was filed by appellant against appellees seeking recovery of damages by reason of fraudulent procurement of the original stock transaction contract, the fraudulent breach of the contract, the acquisition of $6,500.00, the property of plaintiff, and to set aside and cancel a release and to recover for actionable fraud under Article 4004, Vernon's Ann.Civ.St.

The defendants answered by general denial and by many special exceptions to plaintiff's pleadings, a plea of limitations, and a plea of compromise and settlement executed by the plaintiff and the defendants on February 28, 1957, setting out the written agreement in full by its terms, the said Hugh S. Martin, plaintiff below, and appellant herein, received $1,828.00 in full settlement of his claim and stock and transferred his stock in the Dial Temp Air Conditioning Company, and released all claims he may have had.

Defendants, appellees herein, filed their motion for summary judgment alleging

there was no genuine issue as to any material fact and sought an order granting a summary judgment.

The plaintiff filed his controverting plea to the motion for summary judgment and alleged that there were fact questions presented constituting genuine issue of material fact.

This case has been before the Court of Civil Appeals, Dallas, in Dial Temp Air Conditioning Co. et al. v. Faulhaber, 340 S.W.2d 82, error ref. n. r. e. and in that court's opinion the entire history of this litigation was fully set out in an exhaustive opinion by Chief Justice Dixon and we refer to this decision and do not again restate such history. The court held:

"It is undisputed that appellee Faulhaber, executed the written release on February 28, 1957, and that in doing so he had the services and advice of his own attorney. At this time he had full knowledge of the claims against appellants, which claims he relies on as a basis for his recovery of this judgment. Therefore, until set aside the release must stand as a bar against appellee's claim in regard to the fraudulent sale of corporation stock, which claim is the basis of appellee's suit against appellants. Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493; Atkins v. Womble, Tex.Civ.App., 300 S.W.2d 688. We think it is significant that no one claims in pleadings or testimony that the release is ambiguous. The case was not tried on that theory."

■ We believe the Court correctly stated the law and that the release, until set aside, does stand as a bar against appellant's claim in regard to the fraudulent sale of corporation stock, the basis of appellant's claim. 4 Tex.Jur.2d 696, Appeal and Error, 1007 et seq.; State Board of Morticians v. Cortez, Tex.Civ.App., 323 S.W.2d 56, affirmed 160 Tex. 532, 333 S.W.2d 839.

■ We believe that the Trial Court properly granted a summary judgment. Allen v. Western Alliance Insurance Co., Tex., 349 S.W.2d 590. In this case the Court held:

"* * * In an action on a motion for summary judgment, where the motion is supported by affidavits, depositions and other extrinsic evidence sufficient on their face to establish facts which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate protection."

The Trial Court properly followed the instructions of the appellate court in the prior Faulhaber case. 4 Tex.Jur.2d, Appeal and Error, Paragraph 981, p. 662 and p. 670, Paragraph 987.

■ Appellant contends that claims or causes of action based on actionable fraud cannot be waived or compromised and released, and that the release is void as a matter of law. This contention is overruled.

Under the annotations of Art. 4004, V.A.C.S., Note 33 on p. 559, Subtitle "33— Waiver of Right of Action," there are many cases showing a waiver of various rights which would accrue to a party as a result of fraudulent transactions, such as: Waggoner v. Zundelowitz, 231 S.W. 721, (Tex.Com.App.), Opinion adopted by the Supreme Court; Frenkil v. Silver et al., Tex.Civ.App., 197 S.W.2d 127, err. ref. N.R.E. In the Frenkil case the court held:

"* * * further, that since he has shown such original verbal contract to have been procured from him by actionable fraud upon part of the appellees, the verbal contract was void * * *.

"What seems to this court to be a complete answer to this overall position upon the appellant's part is, as the trial court found, presumably at least, upon the facts, that all the quoted recita-

tions in the motion of the appellees for the instructed verdict have been established; in other words, when the writings were indisputably shown to constitute part and parcel of the whole transaction involving the sale by the one and the purchase of the business by the others, the general averments of actionable fraud against the appellant were swallowed up and the contractual relationship so determined to have been entered into in writing between him and the appellees, whereby he had agreed  *  *  *.'"

The judgment of the Trial Court is affirmed.

Affirmed.