**DEER CREEK LIMITED and Richard L. Davis, Appellants,**

v.

**NORTH AMERICAN MORTGAGE COMPANY, Security Savings & Loan Association, and Southwest Savings Association, Appellees.**

No. 05-89-00951-CV.

Court of Appeals of Texas, Dallas.

June 6, 1990.

Rehearing Denied July 23, 1990.

B. Prater Monning, III, and Carol Wolfram, Dallas, for appellants.

Steven J. Lownds, Ronald A. Dubner and Richard D. Anigian, Dallas, for appellees.

Before McCLUNG, KINKEADE, and OVARD, JJ.

## OPINION

OVARD, Justice.

Deer Creek Limited (Deer Creek) and Richard L. Davis (Davis) appeal from a summary judgment in favor of appellees, North American Mortgage Company (North American), Security Savings and Loan Association (Security Savings) and Southwest Savings Association (Southwest Savings), denying relief in their suit involving a note, claiming fraud. In their answer, appellees generally denied the allegations and relied on the affirmative defenses of release, waiver, estoppel, and accord and satisfaction. On appeal, appellants claim the release and waiver do not bar their claims and the trial court erred in entering summary judgment in appellees' favor. We disagree and affirm the judgment of the trial court.

In February 1984, Deer Creek executed a promissory note in the amount of $2,300,-000, payable to North American. The note was participated out to Security Savings and Southwest Savings equally, while North American continued to service the loan. Davis, a general partner in Deer Creek, signed the note as guarantor. In the note, North American recited its intention to fund the loan by a fixed rate/fixed term advance from federal home loan banks. By the terms of the note, the loan was not prepayable for two years. Thereafter, Deer Creek could prepay the loan only after payment of a "prepayment premium equal to all sums, if any, which the Lender [North American], and its successors and assigns, is required to pay to the Federal Home Loan Banks as a fee, penalty or premium for payment of the advance." During early 1986, Davis sought to refinance the note to obtain a lower interest rate. In his affidavit, Davis stated that he had an opportunity to secure financing from GMAC, if he could do so by June 1986. There is nothing in the record to show Davis had obtained a commitment from GMAC or any other lender. During most of 1986, there was a dispute between the parties concerning the amount of the prepayment penalty due and payable upon the note by Deer Creek, in the event the note was prepaid. On November 11, 1986, Deer Creek refinanced the loan in question with appellees. On that same date, the parties signed a document entitled "Mutual Release" which purported to release all parties from any and all claims concerning the prepayment provisions of the note. On September 28, 1987, a modification agreement was signed by the parties, modifying the 1986 document. The modification agreement also included a waiver. In March 1988, Davis suspected appellees had not been completely honest in their dealings with Deer Creek. In April 1988, Davis and Deer Creek filed this lawsuit.

■■■■ To obtain a summary judgment, the movant must establish as a matter of law that no genuine issue of material fact exists. TEX.R.CIV.P. 166a; *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985). To prevail as a defendant, the movant must negate, as a matter of law, one or more elements of each of the plaintiff's causes of action, or prevail as a matter of law on a defense to each of the plaintiff's causes of action. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975). In determining whether appellees have carried this burden, we must resolve all doubts as to the existence of an issue of fact against them, as movants, viewing the evidence in the light most favorable to the appellants, as nonmovants, disregarding any conflicts in the evidence and accepting as true the evidence which tends to support the position of appellants. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). When a defendant moves for summary judgment based on an affirmative defense, the defendant bears the burden of proving each essential element of the affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). If the defendant/movant establishes the affirmative defense as a matter of law, then the plaintiff/nonmovant must raise a fact issue concerning the matter injected by plaintiff in confession and avoidance of the affirmative defense.

*Sanchez v. Memorial Medical Center Hosp.*, 769 S.W.2d 656, 658 (Tex.App.—Corpus Christi 1989, no writ).

In the instant case, appellees moved for summary judgment based on the 1986 mutual release and the waiver contained in the 1987 modification agreement. Appellants then asserted the affirmative defense of fraud in the inducement. In support of their motions for summary judgment, appellees offered portions of the oral depositions of F. Michael Seay, counsel for appellants, and of Davis. In response, appellants offered Davis' affidavit, and the complete transcripts of the oral depositions of Davis and of Brian Haenisch. The Haenisch deposition is not in our record and, therefore, cannot be considered by us. If an attorney wishes to rely upon a deposition in its entirety as summary judgment evidence, he or she should offer it with the motion along with the original court reporter's certificate to authenticate the deposition. *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, no writ). The Davis deposition is not accompanied by a court reporter's certificate. Since it has not been authenticated, the Davis deposition was not properly before the trial court and cannot be considered on appeal. The only summary judgment evidence offered by appellants that was properly before the trial court was the Davis affidavit.

In *Deerfield*, a panel of this Court required an attorney wishing to offer excerpts of a copy of a deposition to attach the excerpted portions to the motion for summary judgment, together with the court reporter's certificate and the attorney's affidavit certifying the truthfulness of the copied material. *Id.* In the instant case, appellees attached the court reporter's affidavit certifying the truth and accuracy of the proffered excerpts from the Seay and Davis depositions, but did not attach an attorney's affidavit. We do not find the failure to include an attorney's affidavit to be fatal. *Deerfield* states in pertinent part "[I]t [the copies of deposition excerpts] has been authenticated by the court reporter's original certificate *or* by

the attorney's original affidavit." *Id.* (emphasis added). Further, we read *Deerfield* as explaining a suggested method for authenticating depositions offered as summary judgment evidence, rather than dictating an exclusive method. Appellees' summary judgment evidence was properly submitted under Rule 166a of the Texas Rules of Civil Procedure and *Deerfield*.

Appellees rely on the 1986 release and the 1987 waiver to provide an affirmative defense. The release stated that appellants:

do release, forgive and forever discharge [appellees] from any and all claims or causes of action of any kind whatsoever, in contract or tort, at common law, statutory or otherwise, known or unknown, now existing or that may arise hereafter, directly or indirectly, attributable to or concerning the prepayment provisions of the [1984] Note.

The 1987 waiver provides that if "any set-offs, counterclaims, defenses or other causes of action ... exist, whether known or unknown," they are hereby waived by appellants. These documents were attached to appellees' motions for summary judgment. Thus, their existence was sufficiently pleaded and proved. A release, valid on its face, until set aside, is a complete bar to any later action based on matters covered by the release. *Schmaltz v. Walder*, 566 S.W.2d 81, 83 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Once the release was properly pleaded, the burden then shifted to appellants to produce evidence that raised a fact issue as to a legal justification for setting aside the release. *McCall v. Trucks of Texas, Inc.*, 535 S.W.2d 791, 794 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). Appellants respond with the rule of law that a release may be set aside if induced by fraud. *Page v. Baldon*, 437 S.W.2d 625, 629 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). This is an affirmative defense in the nature of confession and avoidance, and appellants have the burden of raising a fact issue with respect to it. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *McCall*, 535 S.W.2d at 794.

Appellants argue that appellees fraudulently represented to them that, under the original 1984 loan agreement, appellants would be required to pay $393,000 as a prepayment penalty if they refinanced the loan with another lender. The prepayment penalty, by the terms of the loan agreement, was based on the amount appellees would have to pay federal home loan banks as a penalty for prepaying the loan. According to appellants, however, the money loaned to them was not obtained from a federal home loan bank and they, therefore, should not be required to pay any amount of prepayment penalty. Appellants further contend that had they not been faced with a $393,000 prepayment penalty, they would have refinanced the loan with another lender and were, in effect, forced to continue to deal with appellees. They also contend that they had no choice but to sign the 1986 release as appellees insisted on it in conjunction with the signing of the refinancing agreement. Appellants' argument, then, is that but for the alleged misrepresentations regarding the prepayment penalty, they would not have signed the release. Thus, they contend, the release was induced by fraud.

Appellants now argue their claim for fraud survives the release. However, claims based on fraud can be waived and released. A release attacked on the ground of fraud is not void as a matter of law simply because a party alleges fraud. *Faulhaber v. Dial Temp Air Conditioning Co.*, 362 S.W.2d 341, 342 (Tex.Civ.App. —Austin 1962, writ ref'd n.r.e.).

In order to prevail in their argument appellants must raise a fact issue with respect to each of the six elements of fraud in the inducement. *Schmaltz*, 566 S.W.2d at 84. Those elements include: (1) a representation, (2) that is false, (3) that was made with knowledge of its falsity or recklessly without any knowledge of its truth and as a positive assertion, (4) that was made with the intention that it be acted on by the party, (5) that the party act in reliance upon it, and (6) that he thereby suffered injuries. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex.1977).

Appellants have not met this test. In their summary judgment evidence, the Davis affidavit, appellants have shown a representation made by appellees but have not raised a fact issue with respect to any of the other five prongs. In his affidavit, Davis stated that North American's spokesman, Nichols, did not deal in good faith, made false representations and intentionally deceived him. Statements of opinions and conclusions made in an affidavit are not competent summary judgment proof and should be disregarded in determining the sufficiency of proof to support the summary judgment. *Hidalgo v. Surety Sav. & Loan Ass'n*, 487 S.W.2d 702, 703 (Tex. 1972). Davis stated that appellees never produced documents showing a federal home loan bank to be the source of the funds for the 1984 loan or that any of the appellees were required to pay a penalty to any federal home loan bank. However, failure to produce such documents does not constitute proof for appellants' argument. There is no proof, or even an assertion, with regard to the result appellees intended to achieve by their alleged deception. Davis stated that he signed the release because he had no alternative, that had he not signed it, appellees would not have refinanced the 1984 note. In his deposition, offered by appellees, Davis stated that the release was part of the consideration for the 1986 loan agreement and that the dispute about their prepayment penalty was resolved with that loan agreement. Signing a release as part of the consideration for a refinancing agreement which resolves conflicts about any prepayment penalty is different from signing a release in reliance on representations to the effect that if appellants were to go to a different lender they would have to pay the penalty recited in the 1984 loan agreement. Thus, reliance has not been shown. Finally, while Davis stated he made arrangements in the spring of 1986 to refinance the loan with GMAC, he provided no proof of a loan commitment or the terms of any such loan and, therefore, did not show that Deer Creek suffered any injury. Appellants have not met their burden of showing fraud in the inducement.

Appellants additionally assert that the release is invalid because it was executed under economic duress inflicted by appellees. The courts in Texas have consistently followed the rule that, as a matter of law, there can be no duress unless: (1) there is a threat to do something which a party threatening has no legal right to do; (2) there is some illegal exaction or some fraud or deception; and (3) the restraint is imminent and such as to destroy free agency without present means of protection. *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 109 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Tower Contracting Co., Inc. v. Burden Bros., Inc.*, 482 S.W.2d 330, 335 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). Furthermore, economic duress may be claimed only when the party against whom it is claimed was responsible for claimant's financial distress. *Simpson*, 724 S.W.2d at 109.

Apparently, it is appellants' position that appellees would have refused to go through with the 1986 refinancing agreement if appellants had not signed the release, and that failure to finalize the refinancing agreement would have caused them financial ruin. Appellants did not argue this point with specificity, nor did they cite to portions of the record where evidence relevant to the argument can be found. After reviewing the record and indulging every reasonable inference in favor of appellants, we can find no evidence supporting the elements of duress. There is no evidence that appellees did not have the right to require appellants to pay a prepayment penalty in compliance with the 1984 agreement signed by the parties. There is no evidence of fraud. There is no evidence of imminent restraint or that the free agency of appellants was destroyed. *Id.* Further, there is no evidence that appellees were responsible for appellants' financial distress. The trial court could have found there was no economic duress as a matter of law.

Finding no error in the trial court's entry of summary judgment in favor of North American, Security Savings and Southwest Savings, we affirm.