# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00521-CV

**Caroline Miller, Catherine Austin, Dewey T. Bell, Kimberly Bell, Mike Bellows, Rhonda Bellows, Curtis Dwayne Breaux, Lisa Gayle Breaux, Thomas J. Canton, Vera Canton, Warren J. Clark, Patricia K. Clark, Barbara Garry, Donna Ann Green, Clifford Guidry, Shirley Guidry, Bradley K. Kloefkorn, Patricia C. Kloefkorn, Jerald Paul LeBlanc, Janet Elizabeth LeBlanc, Don Lofton, Mattie L. Lofton, Joel Daniel Love Jr., Drew Potter, Ronald James Prince, Roger D. Rashall Jr., Roger D. Rashall Sr., Cynthia G. Rashall, Larry C. Shoemaker, Martha Shoemaker, Anton Smikal, and Martha Smikal, Appellants**

v.

**Jefferson County, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-11-002521, HONORABLE TIM SULAK, JUDGE PRESIDING

# MEMORANDUM OPINION

Appellants were property owners whose homes were damaged by Hurricane Ike. They brought suit alleging the same state and federal statutory, constitutional, and common law causes of action against multiple governmental entities, officials and others. One of the governmental entities was Jefferson County. In August 2011, the trial court granted the County's motion for traditional and no-evidence summary judgment and severed the claims against the County into this cause.

In a separate but related appeal, cause number 03-11-00817-CV, appellants challenge the trial court's order granting the plea to the jurisdiction, motion to dismiss, and motion for

traditional and no-evidence summary judgment in favor of South East Texas Regional Planning Commission, Jefferson County Appraisal District, Roland R. Bieber, and Jefferson County Drainage District No. 6.[1] Appellants raise the same five issues in that appeal as they raise here. By opinion issued this same date, we overruled appellants' issues and affirmed the trial court's order in favor of the districts, the commission, and Bieber. Based upon the factual background and analysis in that opinion and the following additional factual background and analysis, we overrule appellants' issues here.

Around the time that the trial court ruled in favor of the districts, the commission, and Bieber, the County filed a motion for severance, motion for traditional and no-evidence summary judgment, and plea to the jurisdiction. The County asserted, among other grounds, that: (i) plaintiffs "neither pleaded nor presented any evidence of a deprivation of any identifiable federal constitutional or statutory right," (ii) the County had not waived its immunity to suit and liability for all of plaintiffs' claims, (iii) plaintiffs' petition did not state a "legal rule or factual grounds, or even allegation that any such immunities have been waived," (iv) there is no cause of action under the Stafford Act or the flood buy-out program against non-federal entities, and (v) all of the plaintiffs, except Drew Potter, fully and finally settled their claims against the County by signing a release in consideration for the County purchasing their homes.

The record shows that each of the appellants, except appellant Drew Potter, sold their flood-damaged property to the County. They signed two-page contracts that included the agreed-upon price and a release of claims against the County. The release states:

---

[1] The appeals were consolidated for purposes of oral argument only.

SELLER further releases, indemnifies, and saves and holds harmless the County and the County's officers, employees, agents, and subcontractors from all suits, actions, or claims of any character, name, or description for any matter relating to the subject matter of this contract. The SELLER shall release and indemnify the County from and against any suits, damages, obligations or liability regardless of the negligence, alleged misrepresentation or other intentional or unintentional acts of the County or any of its officers, agents, employees or subcontractors performed in relation to this contract, the administration of this buyout program or any aspect of floodplain administration.

Pursuant to the terms of their contracts, appellants, except Potter, accepted the payments for their properties and released any claims that they had against the County.

Appellants filed a response to the County's motions and plea and a first supplemental petition. In the response, appellants asserted that their suit was about "two-and-a-half decades worth of lies and deception" by the County and that the actions alleged were "ultra vires so that they [were] not covered by immunity." Attached to their response was the preliminary report to the Governor dated March 26, 2009, by the Governor's Commission for Disaster Recovery and Renewal; an engineering report dated July 12, 2011, showing flood plain elevation errors in appellants' subdivision; an elevation certificate for appellant Miller dated October 2, 2003; minutes from the Texas Board of Professional Land Surveying; an article dated February 16, 2009, that addressed incorrect elevation certificates; and a letter dated May 8, 2008, to the County from a survey company addressing discrepancies in the elevations in the appellants' subdivision.

In their supplemental petition, appellants asserted that the County's statements concerning available funds to pay additional amounts for the appellants' properties were false and that appellants were not bound by the release language in the written contracts that they executed

with the County. Appellants asserted that they were not bound because the contracts lacked consideration and were signed under duress. It was their position that the County was legally obligated to pay "the remaining 25%" of the value of their homes and that there was no consideration for the releases in the written contracts because the County funded the purchases with monies received from the federal government.

Attached to the supplemental petition were summaries of funds available to the County from 2007 to 2010; proposed amendments to chapter 130 of the local government code addressing aid to disaster victims from a county's general fund; the legislative history of the proposed amendment; the consolidated appropriations act of 2010; email correspondence between appellant Miller, an employee of the County, and the chief of staff of a representative, addressing additional funds for the "25% local match"; documents showing the County's allocation of relief funding; and the Plan for Disaster Recovery, dated May 19, 2010, by the United States Department of Housing and Urban Development that "constitutes the First Amendment to the State of Texas Plan for Disaster Recovery (Action Plan) dated February 18, 2009" and governs the receipt and use of the "second allocation" of funds.

Neither Appellants' additional pleaded facts nor their attached documents create a fact issue as to the County's asserted grounds for summary judgment, establish a waiver of the County's immunity from suit for damages, or establish that immunity does not apply. *See* Tex. Gov't Code § 311.034; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009) (ultra vires claims may only be asserted against government actor in official capacity); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (plaintiff "must affirmatively demonstrate the court's jurisdiction

by alleging a valid waiver of immunity"); *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (governmental unit immune from suit unless immunity waived by clear and unambiguous legislative intent).

Further, even if we were to conclude that the County waived immunity as to the claims by appellants based upon their written contracts with the County, we would conclude that the releases were enforceable. "A release, valid on its face, is, until set aside, a complete bar to any action based on matters covered in the release." *McMahan v. Greenwood*, 108 S.W.3d 467, 478 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Deer Creek Ltd. v. North Am. Mortg. Co.*, 792 S.W.2d 198, 201 (Tex. App.—Dallas 1990, no writ)). To defeat the County's asserted grounds in its summary judgment motion based upon the releases, the burden was on appellants to present evidence to create a fact issue that the releases should be set aside. *See* Tex. R. Civ. P. 94 (listing failure of consideration and duress as affirmative defenses); *Sweeney v. Taco Bell, Inc.*, 824 S.W.2d 289, 291 (Tex. App.—Fort Worth 1992, writ denied) (lack of consideration affirmative defense to enforceability of release); *Deer Creek Ltd.*, 792 S.W.2d at 201.

Appellants failed to do so. It was undisputed that appellants retained the benefit of their bargain with the County: they retained the funds paid by the County for their homes. They also did not produce evidence that would support a finding that the County did not have a legal right to enter into the contracts with them or that the County was legally obligated to use other available funds to pay additional amounts for their homes. *See Sheshunoff v. Sheshunoff*, 172 S.W.3d 686, 703 n.12 (Tex. App.—Austin 2005, pet. denied) (quoting *Matelski v. Matelski*, 840 S.W.2d 124, 129 (Tex. App.—Fort Worth 1992, no writ)) (noting that duress requires proof of a "threat to do some

5

act which the party threatening has no legal right to do," the threat "must be of such character as to destroy the free agency of the party to whom it is directed," "overcome [the threatened party]'s will," and "cause [the threatened party] to do that which he would not otherwise do and that which he was not legally bound to do"). Further, the source of the County's funds that were used to pay appellants for their homes does not impact the consideration for the contracts and releases. *See Black's Law Dictionary* 347 (9th ed. 2009) ("consideration" means "[s]omething (such as an act, a forbearance, or a return promise) bargained for and received by the promisor from a promisee; that which motivates a person to do something, esp. to engage in a legal action").

We also note that appellants asserted the same state and federal causes of action against the individual officials of Jefferson County and those claims have been fully resolved in favor of the officials. *See Miller v. Pastrana*, No. 03-11-00496-CV, 2011 Tex. App. LEXIS 7403 (Tex. App.—Austin Sept. 8, 2011, no pet.) (mem. op.). To the extent the issues decided in that case are identical to the issues pending in this case, appellants are collaterally estopped from religitating the issues here. *See Texas Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001) (collateral estoppel applies "when the party against whom it is asserted had a full and fair opportunity to litigate the issue in the prior suit").

For these reasons and the reasons stated in our opinion issued this same day in cause number 03-11-00817-CV, *Miller v. South East Texas Regional Planning Commission*, we overrule appellants' issues and affirm the trial court's judgment in favor of the County.

6

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   July 11, 2013