

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00050-CV

———————————————

TYRICE HOLCOMB, Appellant

V.

XPROUSA MOSHIN, LLC, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2025-04170-JP

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Acting pro se, Appellant Tyrice Holcomb appeals a summary judgment granted in favor of Appellee XPROUSA Moshin, LLC. Appellee grounded its summary-judgment motion on a settlement agreement executed by the parties. We will affirm.

## II. Factual and procedural background

Holcomb filed a pro se suit in the justice court asserting that Appellee had sold him a defective motorcycle. After Appellee answered the suit, Holcomb entered into a settlement agreement with Appellee. Under the terms of the agreement, Holcomb returned the motorcycle to Appellee, and Appellee refunded a specified amount to Holcomb's credit card. In two provisions of the agreement, Holcomb released claims relating to the transaction; specifically, the settlement agreement provided that "[t]he refund [provided in the settlement agreement] constitutes full and final settlement of any claims related to this transaction." The agreement also provided that "[t]he Buyer agrees to dismiss the small[-]claims case (S25-368J6, Denton County, Texas) and releases the Seller from any further claims, demands, or liabilities related to this transaction. Both parties confirm that this agreement constitutes full settlement."

An agreed motion to dismiss, which attached the settlement agreement as an exhibit, was filed in the justice court. That court then rendered a dismissal order that recited that a hearing had occurred with Holcomb present and that the court

dismissed with prejudice the cause of action brought by Holcomb. Holcomb appealed the dismissal to the county court at law (the trial court).

Once docketed in the trial court, Appellee filed a traditional summary-judgment motion that was supported by an affidavit from its agent; the affidavit authenticated (1) the parties' settlement agreement, (2) a document showing return of the motorcycle to Appellee, and (3) a document showing that the credit-card charge made by Holcomb to purchase the motorcycle had been refunded to his credit card.

Apparently in response to Appellee's summary-judgment motion, Holcomb filed a document that did not include any controverting evidence but sought several types of unconventional relief. Holcomb sought to join as defendants a host of individuals, states, cities, and corporations. Holcomb then made the following requests, which we set forth exactly as he did:

> I motion to dispute the summary judgement filed by my plaintiffs.
> I motion to have my evidence accepted in court as an encrypted cloud drive from the app terabox.
> I motion for a to jury judge at my trial.
> I motion for disability accommodations.
> I motion for the courts to appoint me a lawyer.
>
> Figure how reply to summary judgement motion
> Figure how to get my files to be accepted as evidence
> Figure how to sue the courts police and legal systems and governments
> Get a jury[.]

Holcomb repeated these requests in a second motion that sought permission to be allowed "to use [his] phone in court because [he] ha[d] no other means to show or

hold to [his] case facts." Holcomb filed no other pleadings or motions in the trial court.

Appellee noticed a hearing on its summary-judgment motion. After the hearing,[1] the trial court signed an order granting Appellee's motion and decreeing that Holcomb recover nothing from Appellee and that Appellee recover $6,316.00 in attorney's fees. Holcomb next filed a notice of appeal.

## III. Analysis

### A. The arguments that Holcomb makes have little to do with the issues before us on appeal.

Holcomb's brief gives little guidance on why he contends that the trial court erred by granting summary judgment. He suggests that he was fraudulently and underhandedly treated and, as a result of bias, was deprived of a recovery on his claim. This assertion was not presented to the trial court, and Holcomb does not articulate the specific acts underlying his claims of mistreatment. For the most part, his brief is a plea for help in setting his life back on course and a list of complaints about how the world has treated him—complaints that have a much broader basis than the controversy about the sale of the motorcycle. Holcomb apparently views his mistreatment in that transaction as another part of the conspiracy that has derailed his life. Without a legal basis to challenge the trial court's order, we cannot remedy Holcomb's ills.

---

[1]The appellate record consists solely of the clerk's record.

**B.    The standard that we apply to pro se litigants.**

Further, we hold pro se litigants to the same standards as licensed attorneys:

> Although Appellant is proceeding pro se, he must comply with all applicable procedural rules. *See Weaver v. E[-]Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no [writ]). A pro se litigant is held to the same standard that applies to a licensed attorney. *Id.*; *Brown v. Tex. [Emp.] Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied). No allowance is to be made for the fact that a plaintiff is not a lawyer. *Weaver*, 942 S.W.2d at 169; *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ).

*Maddox v. Hutchens*, No. 02-02-00159-CV, 2003 WL 21983260, at *1 (Tex. App.—Fort Worth Aug. 21, 2003, no pet.); *see also Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.) ("The law is well settled that '[a] party proceeding pro se must comply with all applicable procedural rules' and is held to the same standards as a licensed attorney." (quoting *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied))). Thus, we cannot grant Holcomb any special accommodations simply because he is pro se.

**C.    We set forth the standard of review that we apply to summary judgments.**

We review a summary judgment de novo. *Weekley Homes, LLC v. Paniagua*, 691 S.W.3d 911, 915 (Tex. 2024); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and that it is

5

entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);[2] *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). For a traditional motion for summary judgment, the movant satisfies its burden by conclusively negating at least one element of the nonmovant's cause of action or proving all elements of the movant's cause of action or affirmative defense. *See* Tex. R. Civ. P. 166a(a), (c); *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016).

When a summary-judgment movant has met its burden, the burden then shifts to the nonmovant to raise a fact issue to defeat summary judgment. *Stanfield*, 494 S.W.3d at 97. This burden requires the nonmovant to specifically identify the supporting proof it seeks to have considered by the trial court and explain why it demonstrates a fact issue exists. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see also Lufkin Mall Realty Holding LLC v. Lufkin Inv. Partners LLC*, 721 S.W.3d 629, 634 (Tex. App.—Tyler 2025, no pet.).

When reviewing a traditional motion for summary judgment, we consider the evidence presented in the light most favorable to the nonmovant. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard

---

[2]The Texas Supreme Court amended Rule 166a, effective March 1, 2026. *See* Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). But the "amendments apply only to a motion for summary judgment filed on or after March 1, 2026," *id.*, so they are inapplicable here. All citations to summary-judgment standards reference interpretations of the prior version of Rule 166a, which continues to govern summary-judgment motions filed before March 1, 2026.

evidence contrary to the nonmovant unless reasonable jurors could not. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

**D.    We set forth the standard of review that we apply to settlement agreements and releases.**

"Settlements and releases are contracts, and the interpretation of such contracts presents a question of law." *Fontana Evolution, LLC v. SCP Distribs., LLC*, No. 02-22-00211-CV, 2023 WL 308176, at *4 (Tex. App.—Fort Worth Jan. 19, 2023, no pet.). As with all written contracts, we "must ascertain the true intentions of the parties as expressed" in the release's language. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011).

Generally,

> [a] release, valid on its face, is, until set aside, a complete bar to any action based on matters covered in the release. *See McMahan v. Greenwood*, 108 S.W.3d 467, 478 (Tex. App.—Houston [14th Dist.] 2003, [pet. denied])[ (op. on reh'g)]; *Deer Creek Ltd. v. N. Am. Mortg*[.] *Co.*, 792 S.W.2d 198, 201 (Tex. App.—Dallas 1990, no writ). In a summary[-]judgment context, once a release is properly pleaded, the burden shifts to the other party to offer proof that the release should be set aside. *See Sweeney v. Taco Bell, Inc.*, 824 S.W.2d 289, 291 (Tex. App.—Fort Worth 1992, writ denied); *Deer Creek Ltd.*, 792 S.W.2d at 201.

*Shanley v. First Horizon Home Loan Corp.*, Nos. 14-07-01023-CV, 14-08-00060-CV, 2009 WL 4573582, at *9 (Tex. App.—Houston [14th Dist.] Dec. 8, 2009, no pet.).

In deciding whether a claim is encompassed within the scope of a release, we apply the following principles that establish that a release with broad release language will be enforced as written:

> [T]o effectively release a claim, the releasing instrument must "mention" the claim to be released. *Victoria Bank & Tr. Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991). Any claims not "clearly within the subject matter" of the release are not discharged. *Id.*; *see also Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2001, pet[s]. denied) (op. on reh'g).
>
> When a release contains broad-form language that evinces a specific intent to cover multiple types of claims, courts will not hesitate to find the claims were released. *See, e.g.*, *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 180–81 (Tex. 1997) (holding that a release, which released all "causes of action of whatsoever nature, or any other legal theory arising out of the circumstances described above, from any and all liability damages of any kind known or unknown, whether in *contract or tort*," released fraudulent[-]inducement claims (emphasis added)). Likewise, courts will construe broadly drafted releases to encompass a wide variety of claims. *See, e.g.*, *Anheuser–Busch Co[s]. v. Summit Coffee Co.*, 858 S.W.2d 928, 932 (Tex. App.—Dallas 1993, writ denied) (holding that a release, which released "any and all causes of action of *any nature whatsoever, at common law, statutory or otherwise*," included fraud and securities[-]law claims because the release, by reference to the stock[-]purchase agreement, mentioned all claims involving undisclosed liabilities, a specific class of claims which included the claims at issue (emphasis added)), *judgm[']t vacated and case remanded on other grounds*, 514 U.S. 1001, 115 S. Ct. 1309 (1995).

*Hoyt v. Harbor Lakes Homeowners Ass'n*, No. 02-20-00061-CV, 2021 WL 2966133, at *5 (Tex. App.—Fort Worth July 15, 2021, no pet.).

**E.     We set forth why we affirm the trial court's judgment.**

The structure of Holcomb's brief[3] complicates our task.  First, he utilizes the index of authorities as the means of citing the authority that he relies on.  From the repetitive citations made in approximately fifteen pages, we glean that he is attempting to assert a breach of warranty or a products-liability claim with respect to the motorcycle.  In the remaining sections of his brief, Holcomb does not attempt to apply the legal principles mentioned in the index.  Instead, the body of the brief is an outline of why Holcomb contends that he is being persecuted, lists a broad range of vague issues presented,[4] quotes the Lord's Prayer, repeats many of the same requests

---

[3]References to Holcomb's brief are to his second corrected brief that was filed on February 17, 2026.

[4]Holcomb catalogs his issues as follows:

Lawsuit for bike discrepancy

Lawsuit for pain and suffering

Lawsuit for civil rights violation

Lawsuit for hate crime

Request for getting to America Supreme Court

Request for disability accom[m]odations

Request for fair trial

Request for jury trial

Request for the government[']s monitoring of all wireless data to be retrieved involving me

9

for relief that he made in the trial court, and includes a request to join the expansive list of defendants that he also made in the trial court—a list that includes "[t]he planet [E]arth and its population."

The brief then includes an argument spanning six pages that articulates Holcomb's broad range of complaints. Initially, Holcomb describes the defects that he contends were present in the motorcycle. The brief then claims that the issues with respect to the motorcycle are part of a host of larger issues of persecution.

The upshot of Holcomb's argument is that it says nothing about Appellee's summary-judgment ground, which is that Holcomb settled and released his claims with Appellee. Holcomb took the same approach in the trial court. Thus, neither in the trial court nor on appeal does Holcomb make an argument to invalidate the settlement agreement that he signed. Nor does Holcomb make any argument that the terms of the settlement agreement fail to release the claims that he obliquely mentions

---

Request for all relevant information to be brought to the courts

Requests for requests to be modified as I understand more

Request for a speedy decision

Request for a home

Request for food

Request for a job

Request for my gun rights back

Request for my history to be made known to me[.]

10

in his brief. Indeed, as noted above, the settlement agreement has a broad release that provides that "[t]he Buyer agrees to dismiss the small[-]claims case (S25-368J6, Denton County, Texas) and releases the Seller from any further claims, demands, or liabilities related to this transaction. Both parties confirm that this agreement constitutes full settlement."

Without an argument that challenges the validity of the settlement agreement or the breadth of the release, we have no basis to examine the trial court's summary-judgment ruling.[5]

## IV. Conclusion

We affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: June 4, 2026

---

[5]We deny Holcomb's request for this court to review photos and videos that he has uploaded to the cloud to allegedly establish the claims that he has already settled via the settlement agreement.